**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**JACKIE FIELDS**                                                                                              **PLAINTIFF**

**V.**                              **CASE NO. 3:15CV00021-BD**

**CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration**                                                                  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Plaintiff Jackie Fields appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his for Supplemental Security Income ("SSI") benefits under Title XVI of the Act. For reasons set out below, the decision of the Commissioner is AFFIRMED.

### I.      Background

On March 15, 2012, Mr. Fields protectively filed for benefits due to gastritis, congestive heart failure ("CHF"), hypertension, tachycardia, hepatitis C, and neuropathy. (Tr. 9, 147)  Mr. Fields's claims were denied initially and upon reconsideration.  At Mr. Fields's request, an Administrative Law Judge ("ALJ") held a hearing on July 11, 2013, at which Mr. Fields and a Vocational Expert ("VE") appeared and testified.  (Tr. 24-57) Mr. Fields was represented by counsel at the hearing.

The ALJ issued a decision on August 27, 2013, finding that Mr. Fields was not disabled under the Act.  (Tr. 9-19)  On November 21, 2014, the Appeals Council denied Mr. Fields's request for review, making the ALJ's decision the Commissioner's final

decision.  (Tr. 1-4)  On January 21, 2015, Mr. Fields filed this appeal.  (Docket entry #2)  The parties have filed their briefs, and the case is ready for decision.[1]

Mr. Fields, who was forty-six years old at the time of the hearing, has a GED and past relevant work as a construction laborer and machine operator.  (Tr. 17, 28, 148)

## II.   Decision of the Administrative Law Judge[2]

The ALJ found that Mr. Fields had not engaged in substantial gainful activity since March 15, 2012, and had the following severe impairments: CHF, lumbar spondylosis, arrthymia dysfunction, and hypertension.  (Tr. 11)  However, the ALJ found that Mr. Fields did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[3]  (Tr. 12)

According to the ALJ, Mr. Fields retained the residual functional capacity ("RFC") to perform sedentary work.  Mr. Fields could occasionally lift and carry ten pounds; stand or walk for two hours, and sit for six hours in an eight-hour workday; but could not climb ladders, ropes, or scaffolds; and must work indoors in a controlled environment.  He

---

[1] The parties have consented to the jurisdiction of a magistrate judge.  (#4)

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 416.920(a)-(g).

[3] 20 C.F.R. §§ 416.920(d), 416.925, and 416.926.

could perform simple, routine, and repetitive tasks with simple, direct, and concrete supervision. (Tr. 12)

The VE testified that jobs available with these limitations were factory parts assembler and machine tender; accordingly, the ALJ determined that Mr. Fields could perform a number of jobs in the national economy and that he was not disabled. (Tr. 18, 54-55)

**III.   Analysis**

    **A.   Standard of Review**

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision. *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision." *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion." *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

**B.   Mr. Fields's Argument for Reversal**

Mr. Fields maintains that his CHF and the chronic edema in his hands prevent him from performing sedentary work. In November 2011, he was admitted to St. Bernard's

Medical Center ("St. Bernard's") because of chest pain. (Tr. 301) He had an ejection fraction between 35-40% and was diagnosed with new-onset CHF; there was no evidence that he had edema in his hands or that he was treated with any measures other than medication. (Tr. 304, 306, 309) Mr. Fields was treated at ARcare in December 2011, January 2012, and February 2012 for heart-related issues and was prescribed additional medication; he did not complain of edema. (Tr. 255-61)

Mr. Fields also went to the Cardiology Associates of Northeast Arkansas ("Cardiology Associates") and the Pain Management Medical Clinic for treatment. (Tr. 244-54, 364-83, 403-13, 519-21) He was positive for edema in his hands in January, April, May, July, and August of 2012, but not in October of 2012, December of 2012, February of 2013, or April of 2013. (Tr. 247, 423, 431, 444, 529, 532-35, 570) He continued to take medication for CHF, and his ejection fraction increased to "essentially normal" by December of 2012. (Tr. 15, 530) Mr. Fields required only conservative treatment for his CHF and edema, and his physicians never limited or restricted his activities. The ALJ appropriately considered this evidence when discounting Mr. Fields's subjective complaints about the severity of his symptoms. *Melton v. Apfel*, 181 F.3d 939, 941 (8th Cir. 1999); *Black v. Apfel*, F.3d 383, 386 (8th Cir. 1998).

Additionally, in August 2012, Mr. Fields's doctor noted that his CHF "appear[ed] to have been resolved" with medication; and in December 2012 his ejection fraction was normal. (Tr. 15, 424, 530) Mr. Fields testified that "fluid pills" reduced his swelling within 30 to 40 minutes. (Tr. 44-45) It is well settled that "[a]n impairment which can

4

be controlled by treatment or medication is not considered disabling." *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

Mr. Fields also alleges that "chronic dizziness" prevents him from doing sedentary work. (Docket entry #12)  On August 15, 2012, Mr. Fields went to Cardiology Associates complaining that he became lightheaded when moving from sitting to standing, but not when he was lying or sitting still. (Tr. 236)  In October 2012, Mr. Fields sought treatment at St. Bernard's for dizziness and stated that he had been experiencing chronic dizziness since November of 2011. (Tr. 498, 503)  Mr. Fields's doctor noted that he had an elevated blood-alcohol level, drank every day, and diagnosed him with dizziness secondary to alcohol intake. (Tr. 503)  During the hearing, Mr. Fields testified that he had not been dizzy in over a month. (Tr. 49)

Contrary to Mr. Fields's claims of disabling dizziness, the record shows that his dizziness was induced by alcohol and was no longer occurring frequently.  The record contains no evidence that his symptoms were as severe as he claimed. *Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997).

Mr. Fields's daily activities further support discounting his subjective testimony. He reported that he could lift twenty pounds, perform his own personal care, prepare his meals every day, go outside, walk around, shop, and pay his bills. (Tr. 43, 45, 179-181) Performing activities consistent with an RFC of sedentary work, while complaining of complete disability, weighs against the credibility of a claimant's subjective complaints. *Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999).

Additionally, the medical records show that Mr. Fields made conflicting statements about his drug use. In December of 2011, and in January, February, April, and October 2012, Mr. Fields told ARcare that he used methamphetamine and marijuana; however, in January, April, August, and July of 2012 he told Cardiology Associates that he was not a drug user. (Tr. 245, 255, 258, 260, 342, 377, 423, 431, 453) His conflicting statements about drug use further support discounting his testimony. *Boettcher v. Astrue*, 652 F.3d 860, 864 (8th Cir. 2011); *Simmons v. Massanari*, 264 F.3d 751, 756 (8th Cir. 2001).

Again, the ALJ properly discounted Mr. Fields's testimony about the severity of his symptoms. He noted that Mr. Fields's daily activities were "certainly not indicative of an individual who is completely unable to work." (Tr. 13) He found that Mr. Fields's severe impairments were managed with conservative treatment, and that the medical records were inconsistent with the severity of his claims. (Tr. 14, 15, 17) He further noted that Mr. Fields was a recreational drug user. (Tr. 15, 16)

Accordingly, the ALJ properly discounted Mr. Fields's subjective claims in making his RFC determination, and his decision is supported by substantial evidence on the record as a whole.

## IV.   **Conclusion**

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient

evidence in the record as a whole to support the Commissioner's decision. There is no legal error.

Accordingly, Mr. Fields's appeal is DENIED, and the Clerk of Court is directed to close the case, 24th day of July, 2015.

_____
UNITED STATES MAGISTRATE JUDGE